Mr. Justice Colcock
delivered the opinion of the court:
As all the grounds taken in this case, except the first and last, were abandoned, it is unnecessary to advert to any others. The first is, that the presiding Judge erred in admitting the book-keeper’s book in evidence, on the proof of hand-writing and entry, and under the circumstances of the case. The last is, that the check, which would have been the highest evidence, and ought to have been in the possession of the bank or the defendant, (unless lost or mislaid, of which there was no proof,) was not produced, and no evidence of any notice to the defendant to produce it, if in his possession, nor even satisfactory evidence of its not beins: in the bank, was given.
*160 As a general rule of evidence, neither the- act of a plant-tiff nor his books can be given in evidence in his favour.
There are exceptions to this general rule, but I think if clear that the case before us is not embraced in any of the exceptions. The books of a merchant are evidence to prove the- delivery of goods, so of a mechanic to prove the execution and delivery of the articles made ; but these are admitted from the necessity of the case ; because in the ordinary transactions of life, these deliveries take place most frequently in the presence of the parties alone. But the fact to be proved in this case, from its nature, is susceptible of abundant proof from other sources, and that too within the reach of the plaintiff. Corporation books are admitted, and manor books between members of the same corporation or manor ; but it is laid down expressly by Philips, (1 vol. p. 320,) that they are not evidence against a stranger for the corporation or manor, “ a fortiori,” not for one individual of a corporation against a stranger. But in pursuing the subject, books are only-evidence -when they are regularly kept (by the same authority) in any case. Here, the error which is calculated to destroy the effect of the evidence, is to be the very foundation of recovery.
But it is said a new trial ought not to be granted, even if the book was not legally introduced, because it could not have weighed any thing with the jury.
It is sufficient to remark, that this court has said, that they will never undertake to determine that point even where they have thought that the evidence could not have produced any effect. Yet, if illegal, they have granted a new trial, as in the case of Ring & Huntington, & Hunter & Lahief, decided during this term. But in my opinion, the book, and that alone, did shew a mistake on the trial.
On the second ground, I think it was indispensably necessary to have served the defendant with a notice to produce the check before any evidence of its contents could have been given. It appears from the testimony of Mr. Prince that checks were usually delivered up to the draw *161 ers every quarter settlement. It was then proving nothing which would account for the loss 'of it, to prove that it had been looked for in the book, (looked for where he could not expect to find it:) And this doctrine is too familiar to require a reference to authority for its support. The check was the highest evidence of the amount for which the defendant had drawn, and consequently the very substratum of the plaintiffs claim. There may have been a mistake, yet not the mistake complained of, that would alone appear by the check or evidence of its contents. I may add that this is a case which called for the most satisfactory evidence. In proportion as a fact to he proved is unusual and difficult of proof, so in proportion should the testimony be strengthened. Such an occurrence as that alleged to have happened in- this case is in opposition to that order, regularity or exactness, which it is believed, is observed iri banks, and which is certainly essential to their very existence.
Clarke, for the motion.
Grimke, contra.
The motion is granted.
Justices Gantt and Richardson, concurred.